(November 16, 1961)

■ CENTRAL RIGGING AND CONTRACTING CORP., Respondent, v. UNITED STATES HOFFMAN MACHINERY CORPORATION, Appellant.— 

A question of fact is presented whether, under all of the circumstances, the reference in the agreement to the weight of the equipment as given in the annexed drawing amounted to a positive and material representation by defendant (rather than merely a convenient quotation of the assertion by the equipment manufacturer to be taken at the bidder's risk) of the true weight, upon which plaintiff had a right to rely (see Hollerbach v. United States, 233 U. S. 165). In this connection it may be relevant to determine whether plaintiff and defendant had equal opportunity to discover the actual weight of the equipment by independent investigation (Faber v. City of New York, 222 N. Y. 255, 260; United States v. Stage Co., 199 U. S. 414, 424). Such does not clearly appear in the record, and it may not be presumed that the weights were peculiarly within defendant's knowledge. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LLOYD FLOURNOY, Appellant.— 

Upon a trial for homicide a defendant, claiming that he acted in self-defense, "may prove that the general reputation of the deceased was that of a quarrelsome, vindictive or violent man and that such reputation had come to his knowledge prior to the homicide. * * * The character of the deceased with reference to violence, when known to the accused, enables him to judge of the danger and aids the jury in deciding whether he acted in good faith and upon the honest belief that his life was in peril. It shows the state of his mind as to the necessity of defending himself. It bears upon the question whether, in the language of the Penal Code [Law], 'there is reasonable ground to apprehend a design on the part of the person slain * * * to do some great personal injury to the slayer * * * and there is imminent danger of such design being accomplished.'" (§ 1055). (People v. Rodawald, 177 N. Y. 408, 423.) It is true, as urged by the District Attorney, that a number of questions framed by defense counsel were improperly directed to specific acts of violence or criminality perpetrated by the deceased rather than to a general reputation in the community (see People v. Rodawald, supra, p. 424). It does appear, however, that the court did erroneously rule upon certain questions relative to the reputation of the deceased and to the defendant's knowledge thereof. Furthermore, it is clear on the whole record that the rulings of the court had the effect of unduly curtailing and restricting defendant's counsel in the eliciting of proper evidence in this connection. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.

■ In the Matter of JOSEPH V. NOCERINO, Appellant, v. STEPHEN P. KENNEDY, as Commissioner of the Police Department of the City of New York, Respondent.— 

No opinion. Concur — Valente, J. P., Stevens, Eager, Steuer and Bergan, JJ.